**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0822-20

MICHAEL DEMARCO,

     Plaintiff-Respondent,

v.

JEANNE DALY,

     Defendant-Appellant.

_____

        Submitted September 19, 2022 – Decided October 12, 2022

        Before Judges Mayer and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1355-20.

        Jeanne Daly, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

    In this one-sided appeal, defendant Jeanne Daly challenges a June 1, 2020 order granting plaintiff Michael DeMarco a voluntary dismissal without

prejudice. She also appeals from the July 24, and August 10, 2020 orders denying her motion for reconsideration of the June 1 order.[1] We affirm.

In March 2020, plaintiff, then the CEO of Mack-Cali Realty, filed a Chancery Division complaint against defendant for interference with prospective economic advantage and defamation. The suit stemmed from a disparaging news article written about plaintiff, for which he held defendant responsible. After plaintiff unsuccessfully moved for restraints against defendant, the action was transferred to the Law Division.

In April 2020, defendant filed an answer and a motion for "summary dismissal" against plaintiff; she did not file a counterclaim. The following month, plaintiff's counsel wrote to the court asking the Law Division judge to dismiss plaintiff's complaint without prejudice. In conjunction with the request for dismissal, plaintiff's counsel stated defendant's answer was "wholly deficient on procedural grounds" and defendant's motion was "nothing more than her '[a]nswer' superimposed under a defective 'Notice of Motion' cover page." Further, plaintiff's counsel stated the "matter [was] ripe for judicial disposal under R[ule] 4:37-1(b)."

---

[1] The August 10 order amended the July 24 order.

A-0822-20

Defendant admitted that in response to counsel's letter, she determined her "motion was defective and had to be withdrawn." Accordingly, she notified the trial court and counsel, via letter dated May 15, 2020, that she was withdrawing her summary dismissal motion.

The record reflects that "[o]n the court's instruction, [p]laintiff's counsel submitted a proposed (blank) Order of Dismissal on May 21, 2020, which the court held for [five] days pending any objection from [defendant]." It is not clear from the record how counsel was notified to submit the proposed order.

Defendant conceded she "received the blank order in the mail on May 26, 2020." She also did not dispute she filed no objection to the form of the order. Instead, on May 29, she "submitted a letter to the court seeking clarification as to the blank order she received three . . . days prior from plaintiff's counsel."

The judge signed counsel's proposed form of order and filed it on June 1, 2020. The June 1 order dismissed "all claims made by all parties . . . in their entirety without prejudice." Defendant acknowledges she received the June 1 order the same day, "via email."

In a letter to the parties dated June 2, 2020, the judge supplemented her ruling. She observed that after plaintiff submitted a proposed order of

3

dismissal "on the court's instruction," defendant wrote to the court on May 29, "seeking clarification [about] the purpose of the blank [o]rder and ma[king] unfounded suggestions . . . there was fraud on the court." Further, the judge noted:

> [a] voluntary dismissal without prejudice is permitted without leave of court by [Rule] 4:37-1(a) if same is submitted before the adverse party files a responsive pleading or motion for summary judgment. Thereafter[,] the voluntary dismissal requires leave of court as per R[ule] 4.37-1(b). Leave was granted and the [o]rder [was] entered on June 1, 2020.

The next day, defendant wrote another letter to judge. She "apologize[d] for the contents [of her] May 29, 2020 letter" and stated she was "profoundly grateful for [the judge's] swift and illuminating reply" to her letter. But defendant also alleged plaintiff failed to comply with Rule 4:42-1(c)[2] when he sought dismissal of his complaint.

---

[2] Rule 4:42-1(c) provides in part:

> Settlement on Notice. In lieu of settlement by motion or consent, the party proposing the form of . . . order may forward the original . . . to the judge . . . and shall serve a copy thereof on every . . . party not in default together with a notice advising that unless the judge and the proponent of the judgment or order are notified in writing of specific objections thereto within 5 days after such service, the . . . order may be signed

4

Soon thereafter, defendant moved for reconsideration of the June 1 order; her motion was denied on July 24, 2020. In a brief opinion accompanying the order, the judge stated defendant argued again "that the voluntary dismissal without prejudice should not have been entered due to some perceived 'fraud on the court.' This argument was rejected initially and is rejected again on reconsideration."

Defendant wrote additional letters to the judge, seeking clarification of the July 24 order. Following her receipt of these letters, the judge amended her July 24 order on August 10, 2020 to include the following language: "Inasmuch as [defendant] sent correspondence dated 8/10/20 apparently seeking clarification on why R[ule] 4:42-1(c) is inapplicable, the answer lies in the title of the [R]ule itself[,] which is 'Notice on Settlement.' There is not a settlement but, rather, a voluntary dismissal of the case. The case ceases to exist." In short, the judge's amended order left intact the order of dismissal by leave of court.

---

in the judge's discretion. If no such objection is timely made, the judge may . . . sign the . . . order. If objection is made, the matter may be listed for hearing in the discretion of the court.

A-0822-20

Defendant wrote another letter to the court on August 24, 2020, again "looking for clarification of [o]rders issued by the court". The judge responded two days later, stating she saw "no need to clarify" her orders; she added, "[t]his case is dismissed. The court no longer has jurisdiction over the matter. . . . As such, the letter-writing to the court will no longer be entertained as there is no open matter on the court's docket."

On appeal, defendant challenges the May 29, July 24, and August 10 orders. She specifically argues the Law Division judge erred by: granting the voluntary dismissal; engaging in "ex-parte communications with plaintiff"; "excusing plaintiff from mandatory motion practice"; directing plaintiff "to draft an impermissible 'hybrid' order"; failing to address plaintiff's reasons for seeking dismissal; denying defendant's reconsideration motion; failing to comply with Rule 1:7-4; allowing plaintiff to violate the Rules of Professional Conduct; and failing to be impartial. Defendant's arguments are unavailing.

As a threshold matter, we acknowledge Rule 4:37-1(a) allows an action to be dismissed "by filing a stipulation of dismissal specifying the . . . claims being dismissed, signed by all parties who . . . appeared in the action." In the event a voluntary dismissal does not occur by stipulation, Rule 4:37-1(b)

6

permits such a dismissal "by leave of court and upon such terms and conditions as the court deems appropriate."

The adjudication of a Rule 4:37-1(b) application "rests within the sound discretion of the trial judge." Shulas v. Estabrook, 385 N.J. Super. 91, 98-99 (App. Div. 2006). "When examining a trial court's exercise of discretionary authority," we will "reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

Similarly, a trial court's decision to deny a motion for reconsideration will be upheld on appeal unless the motion court's decision was an abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016) (citing Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002)). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

A motion for "[r]econsideration cannot be used to expand the record and reargue a motion." Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). It "is designed to seek review of an order based upon evidence before the court on the initial motion, not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid. (citations omitted); see also Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (finding that a motion for reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion").

Here, because defendant filed an answer before plaintiff requested a voluntary dismissal of his case, plaintiff was required under Rule 4:37-1(b) to move for leave from the court to secure the voluntary dismissal. The record does not indicate he followed this procedure. Instead, he requested this relief by letter and the judge permitted him to submit a proposed order for dismissal while allowing defendant time to object to his request.

Defendant admittedly did not object to the proposed order of dismissal after she received it. Instead, she mistakenly sought the advice of the trial court to divine plaintiff's purpose for submitting the order days before the judge entered the order. Nonetheless, once defendant formally objected to the

8

June 1 order by seeking its reconsideration, the judge afforded the parties a full opportunity to outline their positions about whether the June 1 order should stand before she entered the July 24 order.

Accordingly, while we acknowledge plaintiff and the judge deviated from the voluntary dismissal procedure outlined under Rule 4:37-1(b), we are satisfied that upon the judge's reconsideration of the June 1 order, she carefully considered defendant's objections to the voluntary dismissal and did not abuse her discretion in declining to reinstate the matter. Our conclusion is bolstered by the fact defendant: had no counterclaim pending when the judge denied the reconsideration motion; offered no viable defense to plaintiff's request for a voluntary dismissal; and sought dismissal of the complaint mere weeks before plaintiff did.

Thus, we affirm the Rule 4:37-1(b) dismissal, albeit for reasons other than those expressed by the judge. See State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011) (noting a reviewing court may affirm "on grounds different from those relied upon by the trial court") (citations omitted). To the extent we have not addressed defendant's remaining arguments, they lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).

A-0822-20

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0822-20